IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| INGURAN, LLC d/b/a STGENETICS, XY, LLC, and CYTONOME/ST, LLC,<br><br>Plaintiffs/Counterclaim-Defendants,<br><br>v.<br><br>ABS GLOBAL, INC., GENUS PLC, and PREMIUM GENETICS (UK) LTD,<br><br>Defendants/Counterclaim-Plaintiffs. | **FILED UNDER SEAL**<br><br>Case No. 17-cv-446-wmc |

**AGREED ORDER STAYING ENFORCEMENT OF
CERTAIN PORTIONS OF THE JUDGMENT**

Plaintiffs Inguran, LLC d/b/a STGenetics, XY, LLC, and Cytonome/ST, LLC (collectively "Plaintiffs" or "ST") and Defendants ABS Global, Inc. and Genus plc (collectively "Defendants" or "ABS") hereby stipulate to stay the execution of certain portions of the judgment entered by this Court on June 8, 2020 (Dkt. 607) as amended on June 24, 2020 (Dkt. 613) (collectively, the "Judgment") pending the disposition of any appeal, as set forth more fully herein. The stay applies only to the award of damages, interest, and ongoing royalties on pre-judgment sales set forth in sections 1(a)-(d) and 2 of the Judgment (collectively, the "Secured Portions of the Judgment"), but it does not apply to any ongoing royalties payable on post-judgment sales set forth in section 2 of the Judgment. The stay is predicated on ABS's provision of an irrevocable stand-by letter of credit, covering the aforesaid monetary awards in the amount of $13,032,905, naming Plaintiff Inguran, LLC d/b/a STGenetics as beneficiary having the same terms as the letter attached hereto as Exhibit A (the "Letter of Credit"). The parties agree that the letter of credit sufficiently protects ST's

1

interest in the Secured Portions of the Judgment and warrants issuance of a stay of those portions pursuant to Rule 62(b).

THE COURT BEING OTHERWISE SUFFICIENTLY ADVISED:

1. IT IS HEREBY AGREED AND ORDERED that the Letter of Credit issued by Barclays Bank PLC is approved as an agreed security for the Secured Portions of the Judgment under Fed. R. Civ. P. 62 during post-judgment and appellate proceedings in this matter and Defendants shall procure and cause the same to be delivered to ST within ten (10) days of the entry of this Order.

2. IT IS FURTHER AGREED AND ORDERED that ST may make demands for payment on the Letter of Credit, and shall be entitled to the proceeds thereof, without further order of this Court and consistent with the terms of the Letter of Credit upon the occurrence of one or more of the following events ("Demand Events"):

    a.    If Defendants do not deliver an original Letter of Credit in accordance with paragraph 1, one (1) business day following the last day to make such delivery;

    b.    If Defendants do not take any appeal from the Judgment that would affect the Secured Portions of the Judgment, five (5) business days following the last day to appeal;

    c.    If Defendants take an appeal affecting the Secured Portions of the Judgment and as a result the United States Court of Appeals for the Federal Circuit issues a mandate affirming or modifying the Judgment without remanding any part of the case, five (5) business days following the issuance of the mandate; or

      d.    If, within thirty (30) days or less prior to the expiration of the Letter of Credit or any other circumstance that could reasonably cause the Letter of Credit to be unenforceable in full accordance with its terms and the terms of this Order, Plaintiffs have not been provided with physical delivery of a replacement letter of credit containing terms that are the same in all material respects to the Letter of Credit. The Demand Event in this paragraph 2(d) shall apply even if any appeal taken from the Judgment remains pending at the time ST makes its demand for payment on the Letter of Credit.

      e.    If Defendants take an appeal affecting the Secured Portions of the Judgment and as a result the United States Court of Appeals for the Federal Circuit remands any part of the case to the District Court for further proceedings, then the provisions for paragraphs 2(b)-2(d) shall be applied to the judgment entered following such further proceedings.

3. IT IS FURTHER AGREED AND ORDERED, that upon occurrence of any of the events set out in paragraph 2(a)-(d), taking into account paragraph 2(e), Plaintiffs may at their discretion seek to execute on the Judgment by any means permitted by law, including without limitation by drawing on the Letter of Credit, but Plaintiffs are not limited to execution on the Letter of Credit. Should Plaintiffs choose to draw on the Letter of Credit following such events, Plaintiffs shall file with this Court a notification of their intent to make a demand for payment on the Letter of Credit one (1) business day prior to making such demand. Upon occurrence of the events set out in paragraph 2(b) or 2(d), taking into account paragraph 2(e), Plaintiffs shall be entitled to draw upon the Letter of Credit up to the maximum amount of the Judgment (as it may be modified and/or amended as on such date), plus post-judgment interest thereon pursuant to 28 U.S.C. § 1961. If an occurrence set out in paragraph 2(c), taking into

account paragraph 2(e), is the first event to occur under paragraph 2, Plaintiffs shall be entitled to draw on the Letter of Credit as to that portion of the Judgment which has been affirmed by the United States Court of Appeals for the Federal Circuit. In the event this Court or the United States Court of Appeals for the Federal Circuit reduces the amount of the Judgment, Defendants may provide a replacement letter of credit in the amount of the reduced judgment but otherwise with the same terms as the original Letter of Credit authorized by this Order. The provisions of paragraphs 2-3 of this Order shall apply to the reduced judgment.

    4. IT IS FURTHER AGREED AND ORDERED that, so long as (i) Defendants and the issuer of the Letter of Credit maintain the Letter of Credit in compliance with the above terms of this Order and (ii) no Demand Events authorizing a payment demand to be made on the Letter of Credit have occurred, execution of or on the Secured Portions of the Judgment is stayed and no execution may issue on the Secured Portions of the Judgment nor may any proceedings be taken to enforce the Secured Portions of the Judgment during post-judgment or appellate proceedings in this matter, other than as authorized in this Order. Nothing in this paragraph shall preclude ST from drawing upon the Letter of Credit consistent with the terms of this Order. In the event that Defendants do not maintain the Letter of Credit in compliance with the terms above, or the bank issuing the Letter of Credit fails to honor a payment demand thereunder for any reason, no stay applies and execution on the Judgment may commence without further Order of this Court.

    IT IS FURTHER AGREED AND ORDERED that, upon a showing of good cause, either party may request that the Court modify or enforce the terms of this Order and this Court retains jurisdiction to resolve any disputes concerning this Order.

IT IS SO ORDERED

Entered this  11th  day of  August , 2020.

_____
William M. Conley
United States District Judge